UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-220-MOC

| ANDREAS PETER BASTAS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| MOUNTAIN VIEW CI MAILROOM CLERK, et al., | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 4].

I. **BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution.[1] [Doc. 1]. The Plaintiff names as Defendants: "Mountain View CI Mailroom Clerk" and "Mountain View CI Mailroom Supervisor" in their individual and official capacities. [Id. at 3]. He asserts claims for the violation of his First, Fifth, and Fourteenth Amendment rights.[2] [Id. at 5]. He alleges that: on April 15 and July 1, 2024, his outgoing mail to the N.C. State Bar Association, the American Bar Association, the "SBI" and Centurion (a nonprofit innocence organization) that he marked "legal mail" were returned to him, because they are not "legal mail" that qualify for free mailing, and the Plaintiff was not indigent at the time; the Plaintiff addressed the matter in a grievance "all the way to step

---

[1] The Plaintiff's current address of record is at the Warren Correctional Institution.

[2] The Court will address the claims that are reasonably suggested by the allegations, regardless of their titles.

3, which was also denied;" and the N.C. and American Bar Association mailings were eventually mailed postage-free. [Id. at 5]. He argues that:

> [T]he prison mailroom staff and supervisor are violating my rights to due process and also free speech and are keeping me from having legal access to the courts and other legal associations by continuing to refuse to mail my "Legal Mail" letters and choosing to mail them one day and then refusing to mail the same associations and organizations the next, which also violates NCDAC prison policy concerning legal mail and how it is to be handled.

[Id. at 6]. The Plaintiff seeks damages and injunctive relief. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities for damages do not survive initial review and will be dismissed with prejudice.

The Plaintiff's claims for injunctive relief appear to be moot because he is no longer incarcerated at the Mountain View CI where the incidents at issue are alleged to have occurred. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Accordingly, the Plaintiff's claims for injunctive relief are dismissed.

Although incarcerated persons do not "shed [their] first amendment rights at the prison

portals, … courts generally accord deference to the day-to-day judgments of prison officials….." Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (internal quotations and citations omitted). As a general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner applies to both convicted prisoners and pretrial detainees).

The Plaintiff's desire to receive free postage for items that he marked as "legal mail" fails to state a constitutional claim because inmates have no absolute right to free mail. Thacker v. Oasis, 7:22-cv-230, 2022 WL 12234106, at *1 (W.D.Va. Oct. 21, 2022) (citing Hershberger v. Scaletta, 33 F.3d 955, 957 (8th Cir. 1994)); see White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (prisoners do not have an unlimited right to free postage for legal mail). The Plaintiff's contention that the Defendants violated prison policy and/or applied policy inconsistently, without more, is insufficient. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Moreover, to the extent that these isolated incidents can be deemed mail "mishandling," such does not rise to a constitutional level. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation"). The Plaintiff has, therefore, failed to state a claim for interference with his mail.

4

The Plaintiff has also failed to state a plausible claim for denial of access to the courts. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

The Plaintiff alleges that the Defendants refusal to provide him with free postage for his mail to several bar associations, a prisoner nonprofit organization, and the SBI. He does not allege, however, that he was denied mailing to any court or that such resulted in the frustration of a nonfrivolous legal claim. Accordingly, the Plaintiff's claim that he was denied access to the courts is dismissed.

Finally, the Plaintiff contends that the Defendants violated his due process rights. The Due Process Clause requires that no person shall be deprived of life, liberty, or property, without due process of law. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Due process in the context of prisoner mail is generally satisfied by:

(1) appropriate notice; (2) a reasonable opportunity to challenge the initial determination; and (3) an ultimate decision by a disinterested party not privy to the initial censorship determination. Hopkins v. Collins, 548 F.2d 503, 504 (4th Cir. 1977) (addressing incoming mail).

Here, the Plaintiff challenges the Defendants' inconsistent application of a prison policy regarding free postage for legal mail. He has failed to plausibly allege that his desire to mail items to the SBA, bar associations, and a nonprofit organization implicates a life, liberty, or property interest. His references to rejected appeals also suggests that he had the opportunity to challenge the postage decisions. [See Doc. 1 at 5]. Moreover, assuming *arguendo* that the Plaintiff was deprived of due process with regards to the Defendants' denial of free postage, it appears that he had an adequate remedy at North Carolina. See generally Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner). Accordingly, the Plaintiff has failed to state a plausible due process claim and such is dismissed.

IV. **CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Plaintiff's claims for damages against the Defendants in their official capacities are dismissed with prejudice and the remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended

complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice. The Plaintiff's Motion for Appointment of Counsel is denied.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Plaintiff official-capacity claims for damages are **DISMISSED WITH PREJUDICE** and the remaining claims are **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: December 30, 2024

Max O. Cogburn Jr
United States District Judge

7

Case 1:24-cv-00220-MOC   Document 7   Filed 12/30/24   Page 7 of 7